IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

AMANDA HUGHES,

                                                                 OPINION AND ORDER

                        Plaintiff,

v.                                                                     18-cv-378-slc

ANDREW SAUL,
Commissioner of Social Security,

                        Defendant.

      Plaintiff Amanda Hughes appealed the decision of Defendant Commissioner of Social Security denying her application for disability insurance benefits and supplemental security income. On September 30, 2019, following full briefing by the parties, the court affirmed the Commissioner's decision. Dkt. 19. After Hughes appealed that decision, the parties stipulated to a remand and filed a joint motion for an indicative ruling that this court would be willing to grant relief from judgment. Dkt. 28. The court granted the motion for indicative ruling on January 7, 2020, dkt. 29, and granted the parties' subsequent joint motion for relief from judgment on January 13, 2020, dkt. 31.

      Now, through her attorneys, Hughes has filed an application for an award of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, and seeks fees in the amount of $26,942.79 for 130.1 hours of work. Dkt. 34. The Commissioner does not oppose the award of fees but argues that two of Hughes's attorneys, David and Mary Traver, spent too much unspecified time performing legal research and drafting briefs at the district court level and asks that the court reduce the award by 41.4 hours or $8,390.12. Hughes also has filed a supplemental request for $1,107.76 in fees to account for the time that her attorneys spent

responding to the Commissioner's opposition to her fee application, bringing the total request for fees up to $28,050.55. Dkt. at 42. For the reasons stated below, I do not find that the time billed for work at the district court level was unusual or atypical. Therefore, I will grant Hughes's motion for attorney fees in the amount of $28,050.55.

## OPINION

The EAJA provides "reasonable fees and expenses of attorneys" to the prevailing party in court cases brought against the Commissioner. 28 U.S.C. § 2412(b). Hughes will be entitled to attorney fees if: (1) she was a prevailing party; (2) the government's position was not substantially justified; (3) there are no special circumstances that would make an award unjust; and (4) the application for fees was timely filed with the court. § 2412(d)(1)(A)-(B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). The Commissioner does not dispute that these prerequisites are present in this case.

In addition, "[p]arties seeking fees under the EAJA are further expected to exercise reasonable billing judgment." *Jensen v. Berryhill*, 343 F. Supp. 3d 860, 863 (E.D. Wis. 2018) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.")). Here, Hughes has submitted an itemization of attorney and legal assistant time spent in litigating her case in this court and the court of appeals. Attorneys David and Mary Traver state that they spent 56.2 hours at an hourly rate of $202.66 (a total of $11,389.75), researching and drafting the briefs submitted in support of Hughes's motion for summary judgment in this court, and an additional 2 hours or $405.32 preparing a reply in support of the motion for fees, resulting in

a total award of $11,795.07. Four other attorneys–including Lead Attorney Barry Schultz–and two legal assistants spent an additional 76.9 hours (73.9 hours of attorney time at $206.60/hr and 3 hours of legal assistant time at $95/hr) at the appellate level, and 3.4 hours of attorney time preparing the EAJA reply brief, for a total of $16,255.48. Although the Commissioner does not oppose the hours spent in the court of appeals, he contends that the amount of fees requested for work at the district court level is unreasonable.

Specifically, the Commissioner points out that the Travers spent an unexplained 19.6 hours "briefing facts and timeline," 10.3 hours on "legal research, briefing law, facts," and 11.5 hours on "legal research, briefing reply" and "briefing reply, legal research." He argues that the Travers have failed to explain what parts of the brief, what arguments, or what legal issues they researched during these 41.4 hours, and that having two lawyers research and brief the same case is inefficient and duplicative. As such, the Commissioner asks that the court deduct 41.4 hours–or in the alternative, 20.7 hours–from the fee award.

The Commissioner contends that it is not clear that this much legal research was required given the experience of Mary and David Traver and the slow-moving pace of social security law. However, counsel presented four main arguments with several subparts: (1) the ALJ failed to include in the RFC assessment several mental functioning limitations supported by the record; (2) the ALJ erred in analyzing Hughes's subjective symptoms in seven different ways; (3) the ALJ improperly rejected five treating and examining physician opinions; and (4) the ALJ relied on faulty vocational testimony. Dkts. 9, 17. The main brief was 34 pages and the reply was 16. The administrative record is a little over 1000 pages. Dkt. 6. Given the circumstances, the total time requested seems reasonable. *Jensen*, 343 F. Supp. 3d at 864-65 (finding same where counsel

spent 52 hours "briefing" social security appeal). In fact, courts in this circuit have held that 40 to 60 hours is a reasonable amount of time for attorneys to spend working on a social security appeal. *See Spraggins v. Berryhill*, No. 16 C 7304, 2018 WL 661553, at *1 (N.D. Ill. Feb. 1, 2018); *Cummings v. Berryhill*, No. 14 CV 10180, 2017 WL 926766, at *2, 2017 U.S. Dist. LEXIS 33502 at *3 (N.D. Ill. Mar. 8, 2017) ("The standard range for hours worked on Social Security litigation in the Seventh Circuit is 40-60 hours."); *Weitz v. Colvin*, No. 10-cv-493-wmc, 2015 WL 438167, at *2 (W.D. Wis. Feb. 3, 2015) ("While plaintiff's counsel's time [52.8 hours] may be on the high-end of a reasonable range of hours, plaintiff cites ample support for awarding fees for 50 to 60 hours of work on similar disability cases."). *See also Harris v. Barnhart*, 259 F. Supp. 2d 775, 783 (E.D. Wis. 2003) (collecting cases approving fees in the 54-66 hour range). In addition, although it might have been helpful or more informative for counsel to identify the subjects of their "briefing" or "legal research," the Commissioner has not cited any binding authority from this circuit mandating such a practice. Therefore, I will grant Hughes's motion for attorney fees under the EAJA.

EAJA fees belong to the plaintiff as the prevailing party, not to her attorneys, and the EAJA award is subject to offset to satisfy any pre-existing debt that the plaintiff may owe the United States. *Astrue v. Ratliff*, 560 U.S. 586 (2010). If there is no pre-existing debt, then the plaintiff may assign the fee award directly to her attorneys. *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 565 (7th Cir. 2011), *overruled on other grounds by Sprinkle v. Colvin*, 777 F.3d 421 (7th Cir. 2015). After entry of this order, if counsel for the parties can verify that Hughes owes no pre-existing debt subject to offset, then the Commissioner will direct that $28,050.55 be paid to Attorney Barry Schultz, pursuant to the EAJA assignment signed by Hughes and her counsel.

Dkt. 34-2. If Hughes owes a pre-existing debt subject to offset in an amount less than the EAJA award, the Social Security Administration will instruct the U.S. Department of Treasury that any check for the remainder after offset will be made payable to Hughes and mailed to the business addresses of her attorney.

ORDER

IT IS ORDERED that plaintiff Amanda Hughes's motion for attorney fees in the amount of $28,050.55, dkt. 34, is GRANTED.

Entered this 17th day of June, 2020.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge